THE ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY v. KATE T. COULSON, *as Administratrix of the estate of W. F. Coulson, deceased.*

No. 266.*

1. RAILROADS—*Injury to Passenger—Obligation of Company.* Where a train stops at a station for dinner, and a passenger goes from the coach to the eating-house, after luncheon returns to the coach in safety, and thereafter leaves the coach and goes out upon the platform maintained by the company for the use of passengers, and is injured by reason of the defective platform, *held*, that this court cannot declare as matter of law that the passenger was negligent, or that the obligation of the company to provide safe passage had been fulfilled, or that the relationship of passenger to the company had, for the time, ceased.

2. ——— *Evidence and Findings Considered.* The evidence considered, and *held*, that the facts are not so undisputed or so definitely found by the jury as would justify the trial court in instructing the jury to return a verdict for defendant or to render judgment on the special findings.

3. ——— *Question of Negligence for Jury.* Unless the facts are undisputed, or are definitely found by the jury, and only one conclusion can reasonably be drawn therefrom, negligence is a question for the jury; and where the question is submitted under proper instructions as to the law, and the findings and verdict are sustained by competent evidence, the judgment will not be disturbed by this court.

Error from Harvey district court; F. L. MARTIN, judge. Opinion filed August 15, 1898. Affirmed.

*J. W. Gleed,* and *C. Hamilton,* for plaintiff in error.
*Peters & Nicholson,* for defendant in error.

* Petition for order to certify denied by supreme court October 10, 1898.—REP.

The opinion of the court was delivered by

SCHOONOVER, J. : This action was commenced in the district court of Harvey county by W. F. Coulson against the St. Louis & San Francisco Railway Company, for damages for injury to plaintiff's person. On the 28th day of September, 1890, plaintiff was a passenger on defendant's train passing through Neodesha, Kan. At that place the train stopped for dinner. The negligence is alleged as follows :

" That the agents of defendant announced that the passengers upon the train would have time for dinner at an eating-house situated near the depot in said city and near to the track of the defendant ; that plaintiff left the car of the train of defendant in which he was a passenger, stepped upon the platform, and walking over and upon the same, passed into the dining-room or eating-house immediately adjacent thereto ; that after finishing his meal he returned to the platform of defendant, which platform was constructed of wood and in part with planks or boards of about two inches in thickness and about six inches in width, which planks were placed parallel and adjoining to and on a level with the track of the defendant ; said platform was used by defendant in the discharge of its duties as a common carrier ; that it was customary for passengers on trains of defendant to walk upon said platform alongside of the track and cars of the defendant until notified by the agents of defendant in charge of the passenger-cars or train that such train was about to start ; that said platform had been carelessly and negligently constructed ; that it had been constructed out of unsuitable planks, and was on the day and date aforesaid out of repair ; that some of the boards or planks of said platform were badly cupped, and that the nails were drawn and the boards warped, thereby making said platform uneven and rough ; that this plaintiff was, with other passengers, walking upon said platform awaiting the signal of the agents.

of said defendant to get aboard said train; that, without any notice being given, the train upon which plaintiff had been and was a passenger began moving; that plaintiff attempted to get to the steps of one of the cars of said train on which he had been and was a passenger, but, by reason of· the defective platform and the careless and negligent character of its construction, and by reason of the careless and negligent manner of keeping said platform in repair, and by reason of the carelessness and negligence of the defendant in the construction of said platform and in keeping the same in repair, plaintiff stumbled upon said platform and fell, and by reason of said platform being in such condition as aforesaid, and by reason of the track of defendant being on a level with said platform as aforesaid, and by reason of various other acts of carelessness and negligence done, suffered and permitted by the defendant, the hand of the plaintiff came over the track of said defendant and the wheel of one of the cars of said train of defendant passed upon and over the said hand of plaintiff and crushed and mangled said hand, it being the right hand of this plaintiff, thereby lacerating, bruising and injuring said hand so that amputation became necessary.''

The defendant answered by general denial and alleged contributory negligence. The case was tried to a jury, and resulted in a verdict and judgment for plaintiff below. The defendant brings the case here. It is contended by plaintiff in error that the trial court should have sustained the demurrer to the evidence, or directed a verdict for defendant, for the reason that Coulson was grossly negligent and careless, and that the damage he suffered was attributable directly to his own negligence.

It may be stated that the depot is on one side of the track and the eating-house on the other. The train stopped twenty-five minutes for dinner. Coulson, with other passengers, got off the train on the side

on which the eating-house was located.   He finished his lunch in about fifteen minutes, walked through a car, then out and upon the platform on the side of the train where the depot was located.   Here he was informed by the conductor that the train would start in three or four minutes.   He walked back to the platform on the side of the train on which the eating-house was located.   This platform was 100 to 150 feet in length, and the planks composing it were placed lengthwise with the track.   The boards immediately adjacent to the railroad-track in the platform in front of the eating-house had upon them oil and grease which had dropped from the car-trucks, and a number of them had warped so that the ends were sticking up two or three inches at several places near the track.   Coulson was standing five or six feet distant from the end of the passenger-coach.   He started to the coach, caught his foot in the end of one of the warped planks and fell, and in falling threw his right hand out to protect himself.   His hand happened to strike the rail immediately in front of one of the car-wheels.   Simultaneously with the fall the train began to move, the wheel passing over the hand and crushing it.   It is contended that Coulson was negligent in not remaining on the car after returning from luncheon.   Counsel in their brief say :

"After Coulson had gone from the train to the eating-house, eaten a luncheon, and returned to the train, the eating-house platform had served its full purpose. The obligation of the company to provide a safe passage for Coulson from the train to the eating-house and return had been fulfilled and the company is not liable for any injury resulting to Coulson afterward by his using said eating-house platform for any purpose not necessarily involved in or connected with his journey. He had no business connected with or pertaining to

his journey that required his returning to the eating-house platform. The company had not been paid to protect him or to provide safe platforms for him to use for any other purpose than to transfer him from one point on its line to another. The contract required a safe carriage from Springfield, Mo., to Beaumont, Kan, and doubtless an opportunity to disembark from the train at Neodesha, and to pass from the train to the eating-house and back. These requirements had been duly observed by the company when Coulson returned to the train after eating. His departure from the train afterward was outside and beyond any contract existing between him and the company. His relationship to the company as a passenger for the time being ceased. He says that he went over to the eating-house platform in search of a friend, but the company did not contract to furnish him a safe platform over which to roam in search of friends. His stroll over this platform had no connection with the company's contract, but was an independent venture of his own, made at his own risk.''

We are asked to declare as a matter of law that the company's liability and obligation under its contract ceased after Coulson got his lunch and returned to his seat in the car. We cannot consent to this doctrine. The train had stopped for dinner. The passengers were invited to this platform. It was maintained for their safety and convenience, and they were expected to get on and off. This was involved in and connected with the regular passenger service of the road. The act of Coulson in leaving the train at this particular point, after he had returned from his luncheon, is not sufficient to justify this court in declaring as a matter of law that he was negligent, or that the obligation of the company to provide safe passage for him had been fulfilled, or that his relationship as a passenger to the company had for the time ceased.

It is further contended that Coulson was negligent

"in deciding to attempt and in making the attempt to board a moving train on the wrong and unusual side, away from conductor, trainmen, and signals, and from a platform in bad condition, which he had seen and noticed a number of times before, and which he could then easily see and did see, it being at noon when the accident occurred." Coulson boarded the train from the same side and from the same platform where he had been invited to get off. The jury, in answer to special questions 9 and 10, found :

"9. Is it not a fact that the train was in motion at the time plaintiff fell with his hand under it? A. No.

"10. If you answer the last question in the negative, state how long it was after so falling under the train that the train did move. A. Simultaneously with the fall."

These findings are supported by the evidence, and the claim that he attempted to board a moving train will not be further considered.

It is unnecessary to comment further on the evidence. The facts are not so undisputed or so definitely found by the jury that only one conclusion can reasonably be drawn. Clearly, the question whether negligence is shown in this case was for the jury. The instructions of the trial court in submitting the question of negligence were fair, we may say favorable, to the railroad company. The verdict appears to be free from prejudice. It has been approved by the trial court, and will not be disturbed. The judgment of the district court is affirmed.