GULF, COLORADO & SANTA FE RAILWAY COMPANY v. W. D. BELL.

No. 926. Decided June 28, 1900.

Contributory Negligence—Passengers Standing Up in Coach—Sufficiency of Evidence.

Where a railway passenger, without knowledge of any rule of the company on the subject, being awakened by the conductor announcing his station, stood up in the aisle while the train was moving at usual speed, and in that position was thrown down and injured by collision of the train with a car occupying the track, such facts did not justify the submission of any issue as to his contributory negligence. (Pp. 633, 634.)

QUESTION CERTIFIED from the Court of Civil Appeals for the Third District, in an appeal from Coleman County.

J. W. Terry and Chas. K. Lee, for appellant.—Negligence, or contributory negligence, even where the facts are undisputed, are always, in our decisions, questions of fact for the jury. Railway v. Murphy, 46 Texas, 356; 2 Batts' Digest, 219, sec. 243.

Having provided seats for its passengers, and it being a matter of common knowledge that a passenger is safer, on a railroad train, in his seat than in walking about the car, and there being evidence tending to show that the passenger would not have been injured if he had been in his seat, it was a question of fact for the jury whether or not he was guilty of negligence in being out of his seat. Barden v. Railway, 121 Mass., 426; Morgan v. So. Pac. Co., 95 Cal., 501; Harris v. Railway, 27 Am. and Eng. Ry. Cases, 216; Dunn v. Railway, 20 Phila., 258.

It is settled law in this State that parties are entitled to have the law applied directly and affirmatively to the very facts of the very case. Railway v. McGlamory, 89 Texas, 635; Railway v. Shieder, 88 Texas, 152; Railway v. Rogers, 91 Texas, 52.

*Theodore Mack,* for appellee, cited.—Gee v. Railway, L. R. 8 Q. B., 161; Winters v. Railway, 39 Mo., 468; Farlow v. Kelly, 108 U. S., 288; Lavis v. Railway, 54 Ill. App., 637; Tillett v. Railway, 118 N. C., 1031; Railway v. Hess, 2 Wash., 387; Barden v. Railway, 121 Mass., 426; Weller v. Railway, L. R. 9 C. P., 126; Praeger v. Railway, 24 L. T. (N. S.), 105; Robson v. Railway, L. R. 10 Q. B., 271; Foy v. Railway, 18 C. B. (N. S.), 225; 1 Fetter on Carriers, secs. 130; Choate v. Railway, 90 Texas, 86; Dewire v. Railway, 2 Law. Rep. Ann., 166; Railway v. Boudrou, 92 Pa. St., 475; Railway v. Bigham, 90 Texas, 225; Joske v. Irvine, 91 Texas, 583; Loan Co. v. Fleming, 92 Texas, 463; Ray on Neg. of Imposed Duties, sec. 121; Jacobus v. Railway, 20 Minn., 135.

WILLIAMS, Associate Justice.—The Court of Civil Appeals of the Third District has certified to us for decision this question: "Do the facts stated raise the question of contributory negligence on the part of plaintiff, so as to require the court to submit any charge upon that issue?" The following are all the facts stated affecting the question: A wind and rain storm, on the night of May 15, 1895, had driven a train of stock cars, left on a siding at the town of Coleman, so that the end of one of them projected upon the main line of defendant's track from Brownwood to Coleman so as to obstruct it. Plaintiff, on the same night, was a passenger on defendant's passenger train from Brownwood to Coleman, and had been asleep in a chair in the chair car between the two places. When nearing Coleman, the conductor aroused him, saying "We are at Coleman." Plaintiff arose and stood in the aisle some eight or ten feet from the smoking compartment in the front end of the car, with the train still moving at the usual speed; and about that time, the train, by the negligence of defendant's servants, struck the freight car before mentioned, and threw plaintiff against the smoking compartment. Passengers had ample time to get off the train after it stopped. A rule of the company, of which plaintiff is not shown to have been aware, required that passengers keep their seats while the train was in motion, except to get water or go to the water-closet. It was the habit of passengers to walk about in the car when in motion, with which the conductor did not interfere, except in cases of persons who he thought did not know what they were about.

The rule of the company must be left out of the question, because it is not shown that plaintiff knew or ought to have known of its existence.

Upon the facts as stated, we are of the opinion that no question of contributory negligence on part of plaintiff properly arises. From the circumstances, as related in the certificate, the only fair inference which

the jury could have drawn as to plaintiff's reason for arising from his seat would have been that the act was done in response to the statement of the conductor that he was at his destination, for the purpose of leaving the train. It does not appear that there was time 'for him to have realized any necessity for resuming his seat before the collision happened. We do not think that upon these bare facts, to which we are confined, a charge should have been given under which the jury would have been permitted to find the plaintiff guilty of negligence; nor do we think that such facts would support such a verdict even in this court.

It is said in the authorities that the question, whether or not the act of standing up in a coach while the train is in motion, is negligence on the part of a passenger, is one of fact for the jury; and it is undoubtedly true that if the circumstances raise a question upon the subject, it is one of fact. Fetter on Carriers, p. 420; 5 Am. and Eng. Enc. of Law, 681, 682, and cases cited. But in such investigation, as in all others, the court must first determine whether or not the facts in evidence are sufficient to make an issue. There must, in all cases, be special circumstances surrounding and characterizing the act of standing in the car. If these fairly admit of the question as to whether or not the act was negligent, a case is made for the jury; but if they leave no doubt and suggest no question of the kind, there is nothing for the jury to determine. For this reason, the circumstances of the particular case must be regarded in deciding such questions as that before us, as slight differences in facts may determine the necessity of leaving the matter to the jury.

There is nothing in the authorities cited which conflicts with these views. In those relied on by appellant, it was simply held, in answer to the contention on the facts of the cases, that the plaintiffs had been guilty of contributory negligence, that the acts relied on were not negligence per se, and that the question of negligence vel non had been fairly submitted to the jury. This was an answer sufficient for the cases the courts were considering. Barden v. Railway, 121 Mass., 426; Morgan v. Railway, 95 Cal., 501. The facts in the case of Harris v. Railway, 27 American and English Railway Cases, 216, so obviously differ from those here in question that special comment upon it is not necessary.

We answer the question in the negative.