# FIFTH DISTRICT, 1901.

## St. Louis Southwestern Railway Company v. Geneva Humphreys.

### Decided February 2, 1901.

**Railway Company—Negligence—Injury to Passenger Re-Entering Train.**

A passenger train having stopped at a dinner station, with announcement that it would remain there twenty minutes, a lady passenger alighted from it and went across the street to purchase some stamps. As she returned, five minutes later, she saw the train moving forward, and supposing that it was pulling out, she attempted to board it, and just as she did so, the train gave a violent jerk, whereby she was thrown to the ground and injured. She was not seen at the time by any of the train operatives, being on the opposite side from the depot, and the train was being moved up in order to clear a highway crossing there. Held, that there was such negligence as authorized a recovery by the passenger for the injuries so received, since the train operatives ought to have foreseen, at the time of the jerk, that some passenger might be then about to enter the train.

Appeal from Upshur. Tried below before Hon. J. Gordon Russell.

*Sam H. West* and *Marsh, McIlwaine & Fitzgerald,* for appellants.

*F. J. McCord* and *Barnwell & Eberhart,* for appellee.

TEMPLETON, Associate Justice.—On October 11, 1898, the appellee, Miss Geneva Humphreys, was a passenger on one of appellant's trains, en route from Waco, Texas, to Calhoun, Ga. When the train

reached Big Sandy station the porter announced a stop of twenty minutes for dinner. Miss Humphreys did not take dinner, but desiring some stamps, left the train and went to the postoffice, which was about 100 feet distant from the train on the side opposite from the depot. After getting the stamps she started to return, when she noticed that the train was in motion. Believing that it was pulling out of the station, she ran to it and attempted to get on while the train was moving. In doing so, she was thrown down by a sudden jerk of the train and injured. She brought suit and obtained a judgment from which this appeal is prosecuted.

The train had been at the station only five or six minutes when the accident occurred. It was not resuming its journey, but was pulling up to clear the dirt road and the track of the Texas and Pacific Railway Company, which crosses the track of appellant at that place. When the original stop was made at the station, the train stood directly across both the said dirt road and the said railroad track. It was stopped there for convenience in landing passengers and baggage, and, as soon as this was accomplished, it was pulled up far enough to clear the said crossings, and again stopped to await the expiration of the time given for dinner. These movements of the train were usual and customory and were proper, if not necessary, under the circumstances. The train servants were on the depot side of the train, which was their proper position, and they did not know the appellee had left the train until after the accident.

The appellee's trunk was on the train, checked through to her distination in Georgia; her ticket from Waco to Texarkana was in the possession of the conductor; she was untraveled and alone, was a stranger at Big Sandy, and was ignorant of the reason for the movement of the train.

The court charged the jury that the appellee did not lose her status as a passenger by leaving the train, but that, if she acted negligently in attempting to re-enter it, she could not recover.

A through passenger who has left the train at an intermediate station has a right to re-enter the train, and, when attempting to do so at a proper time and place and in a proper manner he must be regarded as a passenger and entitled to protection as such. His motive in leaving the train is immaterial. Railway v. Overfield, 19 Texas Civ. App., 440; Railway v. Cooper, 2 Texas Civ. App., 42. It depends upon the circumstances as to what is the proper time, place, and manner of re-embarking on the train. Usually, the passenger should present himself on the depot platform at a time when passengers are being received on the train by the train servants, and get one while the train is standing still, but he will sometimes be excused from doing so. What circumstances will excuse him is always a question of fact for the decision of a jury, unless, as a matter of law, they are insufficient to constitute an excuse. In this case we can not say, in view of the appellee's situation and surroundings, that she was not justified in attempting to board the train as she did. If she was justified in so attempting to board the

train, then she must be held entitled to the protection of a passenger at the time. She could lose her right to such protection only by attempting to board the train at an improper time or place or in an improper manner.

The negligence charged against appellant is that, just as appellee was getting on the train, it was given a sudden jerk whereby she was thrown to the ground and injured. On this issue the jury was instructed that railway companies are not insurers of the safety of their passengers, but are bound to use such care as very prudent and competent persons would use under the circumstances, and that if the jury believed the train was given a sudden jerk as alleged, and the appellee was thereby thrown down and injured, and that the said act of the employes of the appellant in giving the train a jerk constituted negligence, they should find for appellee. The converse of this proposition was given in charge to the jury, and the jury was further instructed that if the servants of appellant in charge of the train did not know of the position or acts of appellee until after the accident, or unless they ought reasonably to have forseen that appellee or some other passenger might be in the act of getting off or on the train and be injured as a result of a sudden and careless movement of the train, to find for appellant.

We think these charges stated the law as favorably to appellant as it had a right to demand. We know of no rule of law which authorizes the operatives of a passenger train to be careless in the handling of it. If the employes of appellant in charge of the train needlessly and carelessly gave the train a sudden jerk just as appellee was in the act of getting aboard, whereby she was injured, and if she was where she had a right to be, and was exercising ordinary prudence, then such carelessness was negligence as to her, and the company must be held liable. It is not necessary for the train servants to know exactly how their negligence will operate to the injury of the passenger. It is sufficient if they do not use the care that very cautious and prudent men would exercise under the circumstances, and a passenger, not himself in fault, is thereby injured. Every movement of a passenger train must be made with reference to the safety of passengers, and the utmost care exercised at all times to avoid injury to them.

Counsel for appellant strongly present their contention that the evidence is not sufficient to support the judgment, but after a careful consideration of the facts as disclosed by the record before us, we have concluded that we would not be authorized to disturb the verdict.

We find no merit in any of the errors assigned, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.