## L. RUNNELLS V. PECOS & NORTHERN TEXAS RAILWAY COMPANY.

Decided February 6, 1908.

**1.—Evidence—Declaration of Injured Person.**

The mere descriptive statements of a sick or injured person can be admitted in evidence only when made (1), to a medical attendant or nurse for purposes of medical treatment; or (2), they must relate to existing pain or other symptoms from which the person is then suffering; or (3), such statements or explanatory symptoms are admissible when the medical attendant or nurse is called upon to give a conclusion based in part upon them and are explanatory of the conclusion of such medical attendant or nurse.

**2.—Same—Case Stated.**

In a suit for damages for personal injuries, a non-expert witness for the plaintiff was asked the following question:: "If Mr. R., (the plaintiff) during the time mentioned, has complained to you about his physical condition, then state what he complained about, and what he said were his feelings and sufferings, if any. If he complained of any pain, then state what his pains were." To which the witness would have answered "Mr. R. during the fall of 1904 and since then, has often complained about his physical condition. Mr. R. complained of his side, often complaining of severe pain. The pains he suffered and complained of were in his side." Held, the answer was not competent testimony.

**3.—Same—Res Gestae.**

The declaration of an injured person made immediately after the injury and at the place where the injury occurred, is admissible under the doctrine of res gestae.

**4.—Railroads—Passenger—Standing upon Platform—Negligence.**

Where a passenger on a railroad has been provided with a seat in the coach and he voluntarily abandons his seat and goes upon the platform of the car while the same is in motion, and his riding there contributes to his injury, he is prima facie guilty of negligence, and the burden rests upon him to overcome the imputation of negligence by showing that he was upon the platform either from the necessity of the situation, or by direction or inducement of those in charge of the train. When this is done, a question of fact is presented for the jury to say whether the passenger acted as a reasonably cautious and prudent person would have acted under similar circumstances. Evidence considered, and held to raise this question, and a charge considered and held to properly submit the same to the jury, in the absence of a special instruction presenting the converse phase of the case which the plaintiff might have requested but did not.

**5.—Same—Warning—Evidence.**

Evidence of warning, given by a railroad employee to a passenger, of an impending collision, considered, and held insufficient to raise the issue of contributory negligence on the part of the passenger in failing to heed the alleged warning.

Appeal from the District Court of Deaf Smith County. Tried below before Hon. J. N. Browning.

*Booth & Knight,* for appellant.—The statements of a person injured as to his feelings, and as to whether he suffers pain or not, are admissible in evidence regardless of the time that may have elapsed between the injury and the declaration. "The question is, what were his feelings at the time of speaking, and whether they are

real or feigned is for the jury." Texas & P. Ry. v. Barron, 78 Texas, 421; Houston & T. C. Ry. Co. v. Shafer, 54 Texas, 641; Wheeler v. Tyler South Eastern Ry. Co., 91 Texas, 356; Texas Cent. Ry. Co. v. Powell, 38 Texas Civ. App., 157; St. Louis S. W. Ry. Co. v. Haynes, 86 S. W., 934; 16 Cyc., p. 1160; Chicago, R. I. & T. Ry. Co. v. Williams, 37 Texas Civ. App., 198; Fort Worth & D. C. Ry. Co. v. Partin, 33 Texas Civ. App., 173.

The court erred in the first part of the third paragraph of its charge on contributory negligence predicated on the fact that plaintiff left his seat and went onto or about the platform of the car, because it is a charge on the weight and effect of the evidence, in that it tells the jury that if plaintiff left his seat and went onto or about the platform of the car and there assumed a position which was more hazardous, knowing that in so doing he was guilty of contributory negligence, the jury should find for the defendant. In other words, this charge told the jury that the doing of certain acts under certain circumstances would constitute contributory negligence. Denham v. Trinity Lumber Co., 73 Texas, 83; Choat v. S. A. & A. P. Ry. Co., 90 Texas, 88; Gaunce v. G., C. & S. F. Ry. Co., 20 Texas Civ. App., 36; Brown v. Glenn, 79 Texas, 534; Missouri, K. & T. Ry. Co. v. Rogers, 91 Texas, 57, 58; St. Louis S. W. Ry. Co. v. Morgan, 44 Texas Civ. App., 155, and cases there cited.

*Terry, Cavin & Mills* and *Madden & Trulove,* for appellee.

LEVY, ASSOCIATE JUSTICE.—Appellant in his suit claims to have received personal injuries when a passenger on the appellee's regular passenger train, which ran into an open switch and collided with freight cars on a passing track when approaching the station of Hereford. The case was tried before a jury, and a verdict resulted in favor of the appellee, and from a judgment rendered in accordance with the verdict the appellant brings the case on appeal.

The evidence shows that appellant was a passenger on the regular passenger train of the railway company, going to Hereford, Texas. As the train was coming into the town of Hereford the engineer whistled for the station. Appellant, after the whistling for the station, and, as he claims, the announcement in the coach of the approach to the station, got up from his seat in the coach, and taking his grip in his hand, went to the front in order to be ready to quickly alight when the train stopped at the station. As the train neared the station it ran into an open switch on a passing track and collided with freight cars standing there. The front trucks of the engine were derailed, and the force of the collision threw the appellant forward on the rails of the platform, and, as he claims, injured him. The appellant claims that at the time of the collision he was standing in the aisle of the coach, near the front door; but appellee offered evidence to show that appellant was standing at the time on the platform of the car. Evidence was offered by the appellee as to the condition and attention given the switch before the collision, and offered evidence for the purpose of showing that

the engineer used care to avoid running into the switch when he discovered it was open.

The first assignment of error is, excluding the answer to the seventh interrogatory in the depositions of the witness Crowley. The interrogatory was: "If Mr. Runnells, during the time mentioned, has complained to you about his physical condition, then state what he complained about and what he said were his feelings and sufferings, if any. If he complained of any pain, then state what his pains were." The answer of the witness would have been: "Mr. Runnells, during the fall of 1904, and since then, has often complained about his physical condition. Mr. Runnells complained of his side, often complaining of severe pain. The pains he suffered and complained of were in his side." As we understand the interrogatory, it called for what had transpired between the witness and the appellant—his statement to him merely about his symptoms and ailments. The answer is a recital of what had transpired between them, and purely an assertion of the witness of his condition, based on the statement. In Lake St. Elevated Ry. v. Shaw, 67 N. E., 374, a witness testified that the appellee "complained of a pain in her right hip; she complained of pain very much all the time." This evidence was held not to be admissible when sought to be proved by laymen, because they were describing ailments to the witness. While in Houston & T. C. Ry. v. Shafer, 54 Texas, 641, a witness was permitted to testify "that the plaintiff used often to say, after the accident, 'Oh, I must lie down; my rupture hurts me!'" The evidence was admitted because it was "his feelings at the time speaking." The former case was classed as hearsay evidence, while the latter case is classed as *res gestae,* or an act with a declaration that helped to characterize the act as a bodily condition then existing. While a physician was engaged in examining his patient "the patient complained of a roaring and dull aching pain in the head, more especially in the back of his head." (Wheeler v. Tyler S. E. Ry. Co., 91 Texas, 356.) The evidence was held admissible under the rule of *res gestae,* because of the examination then being made by the physician. In Missouri, K. & T. Ry. v. Sanders, 12 Texas Civ. App., 5, a witness was permitted to testify that appellee "complained to him very much of his injuries, and said he could not go any farther, and requested him to go for a carriage." These complaints were admitted because it was within thirty-five minutes after receiving the injury, and was at the place of the injury; and were held to be *res gestae* and instinctive expressions of present pain and feelings.

It is a rule of evidence that the exclamations or complaints which are the spontaneous manifestations of distress or pain or suffering are admissible as original evidence under the ordinary application of the rule of *res gestae.* As they are in the nature of verbal acts, they may be testified to by any person in whose presence they were uttered. But a distinction must be drawn between such complaints or expressions and mere descriptive statements of a sick or injured person, as to the effects of his trouble. The latter are not admissible under the rule of *res gestae.* The descriptive statement of a

sick or injured person as to the subjective symptoms and effects and causes of his trouble might also be admissible in evidence, but not under the rule of *res gestae.* Such statements, though hearsay in character, are admissible principally upon the reason that symptoms of a sickness are usually in part subjective which can only be ascertained from the statements of the patient himself. But the mere descriptive statements of a sick or injured person can be admitted in evidence only when made (1) to a medical attendant or nurse for purposes of medical treatment; or (2) they must relate to existing pain or other symptoms from which the person is then suffering; (3) such statements or explanatory symptoms are admissible when the medical attendant or nurse is called upon to give a conclusion based in part upon them and are explanatory of the conclusion of such medical attendant or nurse. (Williams v. Great N. Ry., 70 N. W., 860; St. Louis S. W. Ry. v. Martin, 26 Texas Civ. App., 231.) We think the evidence inadmissible.

We are unable to pass upon the second and fifth assignments of error, because the bills of exception are so general, as presented, that we can not specifically decide the question.

The third assignment is to refusing to allow the witness Wilson to state what the appellant said to him immediately after the accident. It was offered and proved by the witness that while appellant was sitting on the step of the car the witness asked him if he was hurt, and the appellant replied that he was. It was shown by other witnesses that when appellant was sitting on the top step of the car it was immediately after the accident and before the appellant had left the car. If it was immediately after the accident the evidence was admissible upon the doctrine of *res gestae.* (Texas & P. Ry. v. Barron, 78 Texas, 421; International & G. N. Ry. v. Anderson, 82 Texas, 516.)

The fourth assignment is not so presented, either by statement or bill of exception, that we can pass upon same.

The sixth and seventh assignments of error complain of the third paragraph of the court's charge. The charge in this paragraph submitted contributory negligence upon two grounds: The first ground was predicated upon appellant's leaving his seat in the coach while the train was in motion, and occupying a position on the platform of the car. Complaint is made on the first ground of this paragraph, among other reasons (1), because the evidence did not warrant the submission to the jury of contributory negligence; and (2) because the instruction did not give "any proper standard by which to judge of the act of plaintiff."

We think there was evidence sufficient to raise the issue as to whether appellant had left his seat and gone on the platform of the car, and was there at the time of the collision.

It is a general rule of law that where the railway company has provided a safe and secure place for passengers to ride within its cars, that "a passenger who voluntarily and unnecessarily takes a position upon the platform of the car while the train is in motion, will, in so doing, be chargeable with such contributory negligence as will preclude him from the right to recover for an injury which

would not have befallen him had he been in his proper place." (3 Hutchinson on Carriers (3d ed.), sec. 1197.) But this rule is not inexorable, and the rights and duties of the parties must in the given case be considered from the circumstances in which they are placed in the given case. To determine the rights and duties of the parties growing out of the circumstances in which they are placed, there is necessarily involved an ascertainment of the circumstances and conduct at the time. In the ascertainment it is a proper rule of evidence to follow, that where, in the trial of a given case, there is testimony that a passenger has been provided with a seat in the coach, and he voluntarily abandons his seat occupied by him in the coach at the time and goes upon the platform of the car while the train is in motion, and his riding there contributes to his injury, that then a *prima facie* case of negligence of the passenger is made out. The burden then rests upon the passenger, in order to overcome the *prima facie* case of negligence, to offer testimony that he was on the platform for a reason that frees him from the imputation of negligence in being there under the circumstances. If the testimony in the given case goes to show such reason, either from necessity of the situation or by direction or inducement of those in charge of the train, then upon the whole case it becomes a question of fact for the jury to say whether the passenger acted as a reasonably cautious and prudent person would have acted under similar circumstances. (Prescott & N. W. Ry. v. Smith, 67 S. W., 865; Louisville & N. Ry. v. Head, 59 S. W., 23; Augusta S. Ry. v. Snider, 44 S. E., 1005; Southern Ry. v. Roebuck, 31 So., 611.)

Alluding to the record solely for the purpose of applying this rule to a decision of the assignment of error involved, it is found that appellant abandoned the seat occupied by him in the coach and went near or upon the platform of the car while the train was running, and there stood; and while standing near or on the platform of the car, the engine of his train ran into an open switch leading to a passing track and there collided with box cars on the passing track, though the passing track was near, though not at, the station where the train would have stopped. The force of the collision threw appellant forward on the railing of the platform of the car, and, as he claims, injured him. In this connection, and bearing upon the proximate cause of the injury, it is a warranted assumption, from the record, that the appellant was the only person on the train injured; and it is inferable from the record that an injury would not have resulted if he had retained his seat in the coach. To meet this evidence there is proof that the engine had whistled for the station and the train had begun to slow down its speed, and appellant says an announcement of the station was made in his coach by the brakeman of the train. It was after the signal and the slowing down of the speed and the announcement of the station, that appellant arose from his seat and took his grip in his hand and went towards the front of the car for the purpose of alighting, and had placed his grip on the floor, and was standing either upon or near the platform or just inside the door, when the collision occurred.

The signal and slowing down of the train and the announcement of the station might be acts constituting sufficient inducement to justify the appellant in preparing to alight and to use the platform at the time only as a means and purpose of egress from the train when it stopped. Yet the act and conduct of appellant under the circumstances rest upon the exercise of discretion and judgment; and this would involve a question of fact for the jury. In view of the evidence, we think that the issue of contributory negligence is raised, and was a proper issue in the case to submit to the jury.

The substance of that portion of the charge here complained of was, that if the appellant voluntarily and unnecessarily left his seat and went near or upon the platform of the car while the train was in motion, and assumed a position there which was more hazardous than the places provided for passengers inside the car, and if the appellant knew, or might have known by the exercise of reasonable care and caution, that the position assumed by him was more hazardous, and he was injured by reason of being in that position when he would not have been had he remained in his seat, he was guilty of contributory negligence precluding a recovery. We do not think the objections raised to the instruction as given should be sustained. It properly submitted the issue to the jury, and the appellee was entitled to have it submitted. The terms "voluntarily" and "unnecessarily," as used in the charge, are proper terms, and were words of limitation. (Meyere v. Nashville, C. & St. L. Ry., 72 S. W., 114.)

We further think that the instruction as given sufficiently meets the objection that the proper standard to judge the act was not given to the jury. If the appellant desired a finding upon whether his act in leaving his seat and being near or upon the platform, under the circumstances was the proper exercise of ordinary care to be considered by the jury in that view in connection with, and as the converse of "unnecessary" or negligent occupancy of the platform as submitted in the charge as given, then a special charge, properly arranged, covering the phase, should have been requested. Appellant would have been entitled to have the converse of the charge as given submitted to the jury, because in view of the proof that the station had been announced and the speed of the train was being reduced preparatory to stopping, when appellant went near or upon the platform, and the accident was not ordinarily to be anticipated by his being on the platform under such circumstances, then the act of going near or upon the platform for purposes of quickly using the platform as a means of egress when the train stopped, might be deemed consistent with reasonable care on appellant's part. Appellant was only required to exercise reasonable care for his safety; he was not required to exercise reasonable care against the negligence, if any, of the appellee.

The second ground of contributory negligence submitted in the paragraph of the court's charge complained of reads: "Or if you find or believe from the evidence that after plaintiff left his seat and went near the door or upon the platform of the car, if he did go

there, he was warned of his danger, and failed to heed such warning, and that under the circumstances he reasonably could and should have heeded such warning and saved himself from the injuries, if any, he sustained, but carelessly and negligently failed so to do, he would be guilty of contributory negligence, and you should return a verdict for the defendant." The evidence upon which this charge was based is found in the testimony of the brakeman and appellant. The brakeman testified: "After the whistle blew for Hereford I got up to go out on the platform to see if we would take water at the tank. I went out on the platform and got down on the fireman's side, and when I looked I saw that the switch was wrong. I had seen some parties on the other side of the platform, and I went over there to that side and hallooed to them to 'look out!' and I got off." The appellant says the brakeman or porter came running out of the car by him and hallooed the words, "We have run in on the side track," or, "We are going in on the side track;" that the words had not more than been uttered before a sudden crash came, throwing him forward and injuring him. We do not think this evidence fairly raises the question of contributory negligence on the part of appellant in failing to heed the warning. It does not appear that there was sufficient time for him to have acted, even if he could have realized that there was an impending danger, or have known what the impending danger was and the necessity for acting in his safety. If there might have been time to have acted, yet, in view of the special circumstances surrounding the appellant at the time, it could not fairly appear that he either knew or could reasonably have understood from the words of the brakeman, that a collision was imminent by reason of an open switch. If the words used by the brakeman at the time were, "look out!" the words could not be fairly construed to be a warning to appellant that the switch ahead was open and there would be a collision of the train. If the words could be fairly understood to mean, as ordinarily intended, notice of some danger, yet, in the absence of actual knowledge of the danger meant, it could only reasonably be understood to refer to such danger as would be ordinarily within the common experience of men, surrounding the situation of the person at the time, as usually known or contemplated. That a switch ahead was open and a collision inevitable could hardly have been fairly or reasonably understood by the appellant, or any other person, to be meant. If the words used were, "We are going in on the side track," or, "We have run in on the side track," the language, in view of the circumstances that the train had whistled for the station and was slowing up for the station, could not reasonably or fairly have apprised appellant, at the moment, of the particular situation ahead or impending danger ahead by reason of the track. Even if the train was being run in on the side track the appellant had the right to presume a safe track, in the absence of definite knowledge to the contrary. (Gulf, C. & S. F. Ry. v. Bell, 93 Texas, 632.) We think that the giving of this charge was reversible error.

We think the court was warranted in submitting the question of negligence of the appellee to the jury; and the assignment in this

respect is overruled. In view of the disposition of this appeal, the remaining assignments are not required to be passed upon. For the errors mentioned the case is ordered reversed and remanded.

*Reversed and remanded.*