Kansas City, Mexico & Orient Railway Company of Texas v. Amos Young.

Decided May 9, 1908.

1.—Carrier—Passenger Leaving Seat—Contributory Negligence—Pleading.

The mere fact of leaving his seat for the purpose of walking upon the platform of a station at which his train had stopped would not cause a passenger to lose his status as a passenger, nor could it be said as matter of law that he was guilty of contributory negligence in doing so if he was injured by the negligence of the carrier while he was attempting to leave the train. A plaintiff is not required to negative contributory negligence unless the facts which he pleads raise that issue.

2.—Evidence—Relevancy.

When a fact offered in evidence presents a reasonable inference in support of a material issue in the case it is relevant and should be admitted; its weight is for the jury. In an action for personal injuries caused by a sudden and violent movement of a railroad train, evidence tending to prove the negligence of the defendant, considered, and held admissible.

3.—Passenger—Intoxication.

In an action by a passenger against a railroad company for damages for personal injuries caused by a sudden and violent movement of the train, evidence of the intoxication of the plaintiff on prior and subsequent occasions would be irrelevant as evidence in chief of intoxication on the occasion in question. The mere fact that a passenger is intoxicated will not relieve a carrier from the consequences of its own negligence.

4.—Appeal—Assignment of Error—Insufficiency.

When a motion for new trial contained eight special grounds why it should be granted, an assignment of error that the court erred in overruling appellant's motion for new trial, is too general to require consideration.

Appeal from the District Court of Fisher County. Tried below before Hon. Cullen C. Higgins.

H. C. Hord and L. C. Anderson, for appellant.

McCrea & Kirk and H. C. Hughes, for appellee.

CONNER, Chief Justice.—Appellee instituted this suit in September, 1906, alleging in substance that he was a passenger upon one of appellant's passenger trains for transportation from Sweetwater, Texas, to Rule, Texas; that when the train arrived at Hamlin, an intermediate station, it stopped and that appellee arose from his seat and started to go out upon the platform of the train; that while endeavoring to do so he was by a negligent and violent movement of the train thrown forward toward the car door; that in his effort to protect himself from falling he caught the facing of the door with one of his hands; that the movement of the train also caused the car door to shut upon the plaintiff's hand and thereby cut off the end of his thumb, whereby it was alleged he was damaged in the sum of three thousand dollars. It was charged that appellant was guilty of negligence in making the violent movement of the train, and in having maintained insufficient and

defective fastenings to the door. Appellant pleaded the general denial and that appellee's injury was due to his own negligence, or that such negligence contributed thereto. The trial resulted in a verdict and judgment for appellee in the sum of five hundred dollars.

While appellant's first assignment of error is objected to in that therein complaint is made of the court's action in overruling appellant's general demurrer and its first and second special-exceptions to the original petition, we think the assignment perhaps sufficient to raise the question of whether the petition is subject to a general demurrer, it being the rule that each special exception includes a general demurrer. We think, however, the petition is undoubtedly good as against a general demurrer. It is attacked by a proposition and argument only on the ground that it affirmatively shows that appellee was guilty of contributory negligence in that no excuse is offered for leaving his seat and endeavoring to go out upon the platform of the car. A petition is not required to negative contributory negligence unless facts so showing appear on its face. See Texas & Pac. Ry. Co. v. Murphy, 46 Texas, 356; Houston & T. C. Ry. Co. v. Cowser, 57 Texas, 293. And the mere failure to explain appellee's purpose does not show negligence as a matter of law. A passenger does not lose his status as such merely by walking around after a train has stopped at a station, if for recreation or other purpose connected with his journey he does so. The circumstances existing, if any, constituting such movement negligence must be made to affirmatively appear. Ordinarily, at least, the burden rests upon the party pleading contributory negligence to set up and prove such circumstances. It can not be said that on the face of appellee's petition the circumstances so appear, and the first assignment is accordingly overruled. St. Louis & S. F. Ry. Co. v. Coulson, 54 Pac., 2; Missouri, K. & T. Ry. Co. v. Overfield, 19 Texas Civ. App., 440, in which writ of error was refused; Galveston, H. & S. A. Ry. Co. v. Cooper, 2 Texas Civ. App., 42; Ry. Co. v. Humphreys, 62 S. W., 791; Gulf, C. & S. F. Ry. Co. v. Bell, 93 Texas, 632.

In the second assignment complaint is made of the action of the court in permitting the witness Ray to testify that: "Before I got out of the coach after this I saw two gentlemen picking up an old lady like from the ground just outside by the side of the coach. She was down a little piece from the steps at the time." This testimony was objected to as "irrelevant and immaterial" and as too "remote and not competent." We think that the objections must be overruled. Among other things the witness Ray had testified that all of the passengers had left the car save himself and appellee at the time of the violent movement of the train; that he was immediately behind appellee; that the movement of the train also threw him from his standing position upon the floor or car seats, and the evidence makes it reasonably clear that immediately upon rising to his feet he looked out of the car window and saw parties picking up the lady, as he testifies. While no one had testified that the fall of the woman was caused by the sudden movement of the train, we yet think the evidence complained of was admissible as a circumstance tending to raise that inference. The function of the judge in determining the relevancy of evidence is not that of a final arbiter. If the evidentiary fact offered presents a reasonable inference

in support of a material issue in the case, it is his duty to admit it as relevant, leaving the weight thereof to be determined by the jury. Besides, the testimony objected to appears to be so nearly and intimately connected with the matter out of which the action arises that it can hardly be said to be inadmissible, however weak in probative force it may be.

The evidence to the exclusion of which complaint is made in the third assignment is to the effect that the witness Harry Henly, a brakeman upon the train, several times shortly prior to the day on which appellee was hurt had seen and talked with him while intoxicated; that several times after appellee was hurt he boarded defendant's train in an intoxicated condition, and that at said times the witness had observed appellee's actions and conduct and "that from witness's knowledge of said plaintiff and from his observation of his former and subsequent acts with the acts on the day he was hurt, that in his judgment plaintiff was intoxicated on the day and at the time he was hurt." It can not be contended that the mere fact of intoxication would relieve appellant from the consequences of its negligence, and, to some of us at least, nothing in the record indicates that intoxication, if any, contributed in the slightest degree to appellee's injury. His testimony and that of others in his behalf undoubtedly show an unusual and violent movement of the train backward which was well calculated to, and which in fact did, throw violently forward all those who were in the car at the time, and there was no effort to prove that appellee was intoxicated to such a degree as to render him unable to care for himself. He seems to have done so as effectively as did the witness Ray, who was immediately behind him, and as to whom no contention of intoxication is made. But, however this may be, the witness was permitted to testify to appellee's appearance and actions together with two other parties with him. He said: "These three fellows, including this plaintiff, were up and down on that train all of the time that day. That is the only way that I taken any notice of them. I didn't see this plaintiff take any drink of intoxicant on that day; I have seen drunk men, I see them every day. I couldn't say that this plaintiff was drunk, but he and the other two fellows acted mighty funny to me; these three fellows were talking loud and acted like they wanted to run it, and everything you said to them they would get sore about it, you couldn't tell them anything." The record as a whole, therefore, strongly suggests that appellant's principal desire was to introduce the incompetent fact of appellee's intoxication on occasions previous and subsequent to his injury. Such facts are clearly inadmissible as evidence in chief. They could only be material, if at all (but which we do not decide), as sustaining the witness if attacked, or of qualifying him to give an opinion, if he had one, that appellee was intoxicated on the occasion of his hurt. Nothing in the evidence suggests that it was necessary for the witness to detail appellee's actions on former occasions in order to qualify him to speak of appellee's condition on the occasion in question. The witness testified, as will be seen from the quotation, that "I have seen drunk men, I see them every day. I couldn't say that this plaintiff was drunk." The statement of facts from which this quotation comes is agreed to by both counsel and approved by the trial judge; so that we think

appellant got the benefit of substantially all that the witness could properly say on the subject of appellee's intoxication.

The remaining assignment is that: "The court erred in overruling and not sustaining defendant's amended motion for a new trial herein and in not granting defendant a new trial in said cause for all the reasons and grounds set up in said motion." The assignment is certainly subject to the objection of being too general when considered in the light of the fact that appellant's amended motion for a new trial sets up some eight special grounds why it should be granted, each ground presenting a separate reason therefor. But if we could consider it, we think it should be overruled inasmuch as the evidence in our judgment fully sustains the verdict of the jury to the effect that appellant, without contributory negligence on his part, was undoubtedly guilty of negligence in the sudden movement of its train which proximately resulted in appellee's injury.

We conclude that the judgment should be affirmed.

*Affirmed.*