GILDEMEISTER v. SAN ANTONIO TRACTION CO.

(Court of Civil Appeals of Texas. March 8, 1911. Rehearing Denied April 5, 1911.)

1. CARRIERS (§ 321*) — PASSENGERS — ACTION FOR INJURIES—INSTRUCTIONS.

In an action against a street railroad company for injuries to a passenger while he was attempting to board a car, an instruction *held* to properly present the issues on the pleadings and evidence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1326–1337; Dec. Dig. § 321.*]

2. TRIAL (§ 191*) — INSTRUCTIONS — ASSUMPTION OF FACTS.

Where plaintiff, an intending passenger, alleged that he signaled the car to stop, and on its slowing down he stepped on the running board, when the car was started with a jerk, and he was injured, an instruction that if defendant, "as plaintiff stepped aboard, said running board," violently started the car, etc., was not objectionable as intimating· that plaintiff had not reached the running board when the car was started.

[Ed. Note.—For other cases, see Trial,. Cent. Dig. §§ 420–431; Dec. Dig. § 191.*]

3. CARRIERS (§ 321*) — PASSENGERS — ACTION FOR INJURIES — ISSUES — PROOF AND VARIANCE.

Where the plaintiff, in an action against a street railroad company for injuries, alleged and testified that he had gotten safely aboard the running board, when the car was suddenly and violently started, a requested instruction attempting to make an issue as to whether plaintiff got safely aboard the car is properly refused as not conforming to the pleadings and issues.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1326–1337; Dec. Dig. § 321.*]

4. CARRIERS (§ 287*) — PASSENGERS — COMMENCEMENT OF RELATIONS.

Where a person, without giving any signal, attempts to board a street car at a place where it slows down for a switch but does not stop, the car company's servants owe him no duty as a passenger.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1151; Dec. Dig. § 287.*]

Appeal from District Court, Bexar County; J. L. Camp, Judge.

Action by Charles Gildemeister against the San Antonio Traction Company. Judgment for defendant, and plaintiff appeals. Affirmed.

John Sehorn, for appellant. Ogden, Brooks & Napier, for appellee.

FLY, J. Appellant sued appellee for damages, arising from personal injuries, alleged to have been caused through the negligence of appellee. The jury returned a verdict for appellee, and from the judgment rendered thereon this appeal has been perfected.

That part of the petition charging negligence is as follows: "That heretofore, to wit, on or about the 17th day of March, 1907, plaintiff was on West Commerce street in said city of San Antonio, when one of defendant's cars approached the point where he was standing, and plaintiff, desiring to take passage on said car, signaled to employé of the defendant in charge of and controlling the movements of said car to stop the same, so that plaintiff might get on said car and be transported to his place of business; and plaintiff avers that said employé of defendant in charge of and controlling the movements of said car, in obedience to the signal thus given to him as aforesaid· by plaintiff, reduced the speed of said car so that, when said car reached the point opposite to where plaintiff was standing, it was moving at a very slow rate of speed and almost came to a stop, and thereupon plaintiff stepped aboard the running board of said car, and, just as he had safely gotten aboard thereof, said employé of defendant, so having in charge and controlling the movements of said car, caused said car to start forward so suddenly and violently that plaintiff was thrown to and against the side of said car with such force and violence that plaintiff was then and there and thereby seriously, painfully, and permanently injured. And plaintiff avers that said employé of the defendant was negligent in causing said car to start forward so suddenly and violently as aforesaid, and. that this negligence was the direct cause of plaintiff's injuries."

Appellant testified: "I motioned the motorman twice, and he came slowly into the switch, and I jumped onto the car, and just as soon as I got on the running board the car made a sudden start. I got·thrown back and got wedged down against one of the handholds. * * * When I got on, the car was nearly stopped, coming into the switch. The motorman was looking at me when I waved my hand, twice, and then I saw him turning the brake, and the car came nearly to a standstill,.and I got on it,.and it wasn't hardly any time at all, wasn't more than a second, after I got on before it started like I said, and turned me." He stated further that where he got on was not a stopping place to let passengers on and off. In his written statement to the claim agent, which he said was correct, he said that he knew the car would not stop, but that he ·was in the habit of getting off and on cars while they were moving, and that just as he caught the·car "it started up with a jerk."

Under that state of facts, the court gave the following instruction to the jury: "If you find from the evidence that on or about the 17th day of March, 1907, plaintiff was on West Commerce street in the city of San

Antonio; and that, as one of defendant's cars approached the point where plaintiff was, he signaled to an employé in charge of said car to stop same so that he (plaintiff) might take passage thereon, and you further find that, in obedience to said signal, if any, said car was reduced to a slow rate of speed, and that thereupon plaintiff stepped aboard the running board of said car, and you further find that as plaintiff stepped aboard said running board, if you find he did, defendant's employé operating said car caused said car to suddenly and violently start forward, and that plaintiff was thereby thrown against the side of said car, and by reason thereof sustained any of the injuries complained of in his petition, and you further find that in causing said car to suddenly and violently start forward, if you find he did, said defendant was guilty of negligence, and that such negligence, if any, was the direct cause of plaintiff's injury, if any, and you further find that plaintiff was not guilty of any negligence that caused or contributed to his injury, if any, then you will find for plaintiff."

[1] That charge, we think, fully and fairly presented the issue as to the negligence of appellee, as it was pleaded and as it appeared from the evidence. The charge was that if the jury believed as plaintiff "stepped aboard the running board of said car," and that "as plaintiff stepped aboard said running board," and was supported by appellant, who testified "just as soon as I got on the running board" the jerk came. [2] There was nothing in the charge that intimated that appellant had not reached the running board, or that the jerk came before he reached it, or was in the act of reaching it. [3] Appellant did not claim in pleadings or evidence that he was on the car when he was hurt, but merely that he was on the running board, which is used as any other step as a means of entering or leaving the car, and the special charge was incorrect in endeavoring to make an issue as to whether appellant "got safely upon the car." He did not allege that he "safely got on the car," but only that "he had safely gotten aboard" the running board. The court's charge conformed to the pleadings and evidence; the special charge conformed to neither and was calculated to mislead the jury. However, we cannot conceive that the verdict would have been different had the special charge been given, for the jury evidently believed that, if appellant was injured, it was not caused by any violent movement of the car. He was the only witness who testified that the car was suddenly and violently started, while the motorman, conductor, and a passenger swore that there was no jerk or sudden movement of the car.

It is claimed, in the second assignment of error, that the court erred in instructing the jury that, if they found "that at the time plaintiff stepped aboard the running board of said car," it was not caused to violently start forward, the verdict should be for appellee. The ground of error is that it was not justified by the evidence because "no one testified that the car suddenly started forward at the time plaintiff stepped upon the running board of the car." Appellant swore: "Just as soon as I got on the running board, the car made a sudden start." And that was evidently at the time appellant "stepped aboard the running board of the car." Again he said: "It wasn't hardly any time at all, wasn't more than a second after I got on, before it started." In his written statement made a short while after the accident, which he swore was correct, he stated: "I caught with my left hand and got my feet upon the running board, and it was at this time there was such a jar that I was thrown against the handhold and injured my left side." And also: "I know it was not going fast: but, just as I caught it, it started up with a jerk, and that is what caused me to be hurt." That evidence was ample to justify the charge.

[4] No one testified that signals were given by appellant to the motorman except himself, and that testimony is rendered improbable by admissions on the part of appellant that he knew it was no stopping place, but knew that cars slowed up there to enter the switch, and that he did not expect it to stop for him to get on. The motorman swore that no signal was given by appellant, and that he did not know he was on the running board, and the movement of the car was not shown to be such as to injure any one on the seats. The motorman had no reason to believe that any one was on the running board, and could not have anticipated that he or any one was at that place on the car, at a point at which passengers were not expected to enter or leave the car. Under the circumstances, he could not have owed any duty to appellant. The case of Railway v. Humphreys, 25 Tex. Civ. App. 401, 62 S. W. 791, is not parallel to this case. In that case the relationship of passenger and carrier had been established, and the employés owed her a duty while she was getting on and off the train which they failed to perform. But this issue need not be raised because a large preponderance of the evidence tended to show that there was no sudden movement or violent jerk of the car.

The judgment is affirmed.