## HIGHWAY INS. UNDERWRITERS v. MATTHEWS.
### No. 12365.

Court of Civil Appeals of Texas. Galveston.
Feb. 7, 1952.

Rehearing Denied Feb. 28, 1952.

Dyess & Dyess, of Houston, for appellant.

Dixie & Ryan and Thomas M. Ryan, all of Houston, for appellee.

## MONTEITH, Chief Justice.

This appeal in a workmen's compensation suit was brought by appellant, Highway Insurance Underwriters, to set aside an award of the Industrial Accident Board, awarding appellee, William Rad Matthews, compensation for total and permanent incapacity for injuries alleged to have been sustained by him in the course of his employment with J. L. (Roy) Newlin, who carried compensation insurance with· appellant, Highway Insurance Underwriters.

A jury found, in answer to special issues submitted, that appellee had suffered total incapacity as a result of injuries received by him on June 26, 1949; · that the duration of such total incapacity would last for a period of 58 weeks, and that he had suffered 70% partial, temporary incapacity from such injury from August 15, 1950. The jury found that the average weekly wage being earned by employees of the same class as appellee was $55 per week. The trial court overruled appellant's motion for judgment, and rendered judgment in favor of appellee on the jury's verdict.

The record reflects that appellee sustained a severe injury on June 26, 1949, by being struck by a piece of pipe which fell from a truck he was engaged in unloading. He was in a hospital for three weeks. After his discharge from the hospital, he secured employment as a plumber's helper, and later was employed by the Gray Tool Company, doing the same type of work he had done prior to his injury. The medical witnesses introduced by appellee testified that he was suffering from a herniated disk; that he passed blood in his urine for a substantial period of time after his injury; that he did not have normal movement in his spine; and, that he had a permanent disability.

Under its first 8 points of error, appellant contends, in substance, that the evidence adduced in the trial court was totally insufficient to warrant the court in submitting the case to the jury because of the insufficiency of essential evidence. This contention cannot, we think, be sustained.

The evidence adduced in the trial court was, we think, sufficient to sustain the findings of the jury.

The case of Texas Employers' Insurance Association v. Locke, Tex.Civ.App., 224 S.W.2d 755 (Writ refused, no reversible error), held, under a similar state of facts, that the question of total incapacity of a compensation claimant may be proved by circumstantial evidence, and that the circumstances may be derived by those in a competent position to give them.

In the case of Traders & General Insurance Co. v. Heath, 197 S.W.2d 130, this Court, speaking through Justice Cody, held that the fact that a claimant worked and earned money after sustaining an injury is not conclusive on the issue of his capacity to work, but is evidentiary only, to be considered with the other evidence, and that the finding of the jury that claimant was permanently injured could not be set aside merely because of evidence that claimant had worked during the period between the injury and the trial. (Citing authorities.)

Under its 10th point of alleged error, appellant complains of the action of the trial court in admitting the testimony of the witness, Ira Allen Jester, who testified that in 1948 and 1949 men in Houston who drove trucks and worked as much as 300 days during the year drew an average pay of between $54 and $62 per week.

This contention cannot, we think, be sustained.

In the case of Texas Employers' Insurance Association v. Locke, supra, it was held that the statutory provision

of the Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq., must be liberally construed to effectuate its known purpose, and that where claimant's average wage rates could not be fixed by average wage rates of other employees in similar employment, slight testimony was sufficient to raise a jury issue, and, when found in the affirmative, would support the verdict.

Under its 12th point of alleged error, appellant contends that the trial court erred in permitting appellee's wife to testify that he had complained of pain.

■ It is well settled in Texas that declarations of pain by an injured person under the circumstances permitted by the trial court are admissible as evidence of the existence of such pain and that the so-called "hearsay" rule does not prevent the introduction of such evidence.

The cases of Security Union Casualty Co. v. Frederick, Tex.Civ., 295 S.W. 301, Associated Indemnity Corp. v. Baker, Tex. Civ.App., 76 S.W.2d 153, and Lumbermen's Reciprocal Association v. Adcock, Tex.Civ.App., 244 S.W. 645, 649, are in accord with the rule announced in the case of Security Union Casualty Co. v. Frederick, supra. In the Adcock case, supra, it was stated in a similar situation that, "The evidence was not shown to be admissible as res. gestae of the original injury, but such declarations of pain and suffering and their locality were admissible as res gestae of the pain and suffering of Adcock, at the time they were made."

In the case of Runnells v. Pecos & N. T. Railway Co., 49 Tex.Civ.App. 150, 107 S.W. 647, 648, evidence of complaints made by the injured party in reference to his pain was admitted by the trial court. The appellant court held that, "It is a rule of evidence that the exclamations, or complaints which are the spontaneous manifestations of distress or pain or suffering are admissible as original evidence under the ordinary application of the rule of res gestae. As they are in the nature of verbal acts, they may be testified to by any person in whose presence they were uttered."

■ Under appellant's points of error Nos. 13, 14, 15 and 17, it complains of the medical testimony offered on behalf of plaintiff, and of the hypothetical questions which the trial court permitted plaintiff's physicians to answer.

The cases of Shuffield v. Taylor, 125 Tex. 601, 83 S.W.2d 955, and the recent supreme court case of Foreman v. Texas Employers Insurance Association, Tex. Sup., 241 S.W.2d 977, are authority for the proposition that the trial court has a broad discretion and considerable latitude in permitting the asking and answering of hypothetical questions. In the case of Shuffield v. Taylor, supra [125 Tex. 601, 83 S.W.2d 960], it was said that, "A hypothetical question should be so framed as to recite all the facts in evidence relevant to the formation of an opinion, and then, assuming the facts to be true, the witness should be asked, if able to form an opinion therefrom, to state such opinion.

"A question is not necessarily improper because it includes only a part of the facts in evidence, provided it embraces enough of them to enable the witness to formulate an intelligent opinion."

In the Foreman case, supra [241 S.W. 2d 980], the Supreme Court said, "After careful consideration of the question, the objections and the testimony which preceded the asking of the question, we agree with the Court of Civil Appeals [236 S. W.2d 824], that the trial court's action in overruling the objections made to parts of the question was not error that of itself should require reversal. Considerable latitude is permitted in the propounding of hypothetical questions to expert witnesses, and the form and wording of the questions is left largely to the discretion of the trial court."

■ Under its 16th point of alleged error, appellant complains of the action of the trial court in permitting the jury to pass upon the duration and percentage of claimant's disability. This contention cannot, we think, be sustained. See Texas Employers' Insurance Association v. Locke, and Traders & General Ins. Co. v. Heath, supra.

Under the facts in the record and the authorities above quoted from, the judgment of the trial court must, we think, be in all things affirmed. We have carefully considered all points of error presented by appellant in its brief, and find no reversible error therein.